ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT 18  P 12: 52

CLERK _____
SO. DIST. OF GA.

STEPHEN LESTER DAVIS,           )
                                )
          Petitioner,           )
                                )
     v.                         )     CV 306-083
                                )
MICHAEL PUGH, Warden,[1]        )
                                )
          Respondent.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility

("MCF") in McRae, Georgia, filed the current action under 28 U.S.C. § 2241.  For the reasons

herein, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[2]

### I. BACKGROUND

Petitioner plead guilty, pursuant to a stipulated plea agreement, in the Southern District

of Florida to possession with intent to distribute cocaine and conspiracy to possess and

distribute cocaine. (Doc. no. 1, pp. 2, 6).  The presentence report concluded that Petitioner was

the most culpable Defendant, and his sentence was enhanced two levels as being a leader or

organizer under U.S.S.G. § 3E1.1(a).  Petitioner appealed to the Eleventh Circuit, which

---

[1]Inasmuch as Petitioner seeks release from confinement at McRae Correctional Facility, the proper party Respondent in this action should be Petitioner's immediate custodian, in this case Michael Pugh, Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004).  The Clerk is **DIRECTED** to substitute "Michael Pugh, Warden" for the Government as the party respondent in this case.

[2]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

affirmed his conviction. (Id. at 7). On January 21, 2001, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. (Id.). Subsequently, Petitioner filed an application in the Eleventh Circuit seeking an order authorizing a second motion to vacate under § 2255 based on the claim that he is actually innocent of the sentence because he was not a leader or organizer. On August 21, 2006, the Eleventh Circuit denied the application. (Id.). In his current petition, Petitioner argues that he is actually innocent of being a leader or organizer and, therefore, should not have received the enhanced penalty. (Id. at 8). The Court resolves the matter as follows.

## II.  DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner was previously denied leave to file a second or successive petition, and he has attempted to circumvent these § 2255 requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient

2

to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D.

Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when
> (1) the "claim is based upon a retroactively applicable Supreme Court decision;
> (2) the holding of that Supreme Court decision establishes the petitioner was
> convicted for a non-existent offense; and, (3) circuit law squarely foreclosed
> such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "Once the savings clause of §

2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241

proceeding will be whether the petitioner can establish actual innocence of the crime for

which he has been convicted.'" Id. at n.3.

Petitioner argues that he is actually innocent of being a leader or organizer, however, he

does not attempt to satisfy even the first prong of the Eleventh Circuit's three-pronged test. As

set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of

§ 2255 can "open the portal" to § 2241 relief. Consequently, the instant petition should be

dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant

petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 18th day of October, 2006, at Augusta,

Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3